### W. A. MORRIS, ADM'R, ET AL. v. R. D. CUDE.

(Case No. 3142.)

1. ESTATES OF DECEASED PERSONS — CLAIMS — ALTERATION.— After a promissory note, apparently the property of the holder, and authenticated by him as a claim against the estate of one of the makers, had been presented and rejected as such claim, his subsequent erasure of indorsements which were secondary or collateral to the liability of the makers, did not prejudice his right to recover of the estate. The cause of action continued the same.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

Suit brought by R. D. Cude against W. A. Morris, administrator of the estate of J. H. Mabry, deceased, and S. H. Hudson, on a promissory note for $4,209.80, payable to R. D. Cude, made by S. H. Hudson as principal, and J. H. Mabry security.

The defendant Morris only filed an answer. His pleas consisted of a general demurrer, and a plea alleging the suretyship of his intestate, and praying an adjudication to that effect, and that he have judgment over against the defendant Hudson for the amount of the judgment that might be rendered against the estate; the defendant also pleaded the general denial.

Judgment for the plaintiff as to both defendants, according to the prayer of the petition, and judgment over in favor of the estate, as surety, against Hudson, according to the prayer of defendant Morris' special answer. From this judgment the defendant Morris appeals.

It was proved on the trial, on the part of the defendant Morris, by the testimony of the plaintiff's attorney, that when the note sued on was presented to the defendant Morris as administrator, there was indorsed on it as follows: "I become responsible to the holder of this note for its value with interest as called for, on failure of the original signers. HENDERSON WILLIAMS."

"Transferred to Henderson Williams this the 28th November, 1872. R. D. CUDE."

The witness testified that, as attorney of the plaintiff R. D. Cude, he erased said indorsements from the note after the note had been presented to the administrator and after the institution of this suit, subsequent to the rejection of the claim. The plaintiff objected to this evidence, which was by the court admitted, and plaintiff reserved his bill of exceptions to the ruling. The plaintiff assigned the admission of the testimony as error. The appellant Morris assigned the following grounds of error:

*First.* The judgment of the court was contrary to the evidence.

*Second.* The judgment of the court was contrary to the law applicable to the case.

*Third.* The judgment of the court was contrary to the law and the evidence.

*A. R. Coleman*, for appellant.

*F. W. Chandler*, for appellee, suggested delay.

WALKER, P. J. COM. APP.— The assignment of errors filed by the appellant do not conform to the requirements of the statute, which requires that the appellant shall distinctly specify the grounds on which he relies. Pasch. Dig., art. 1591. The suggestion of delay, however, by the appellee, opens the record for the inspection of all errors presented by it. Davis *v.* Marshall, 25 Tex., 372.

It is urged in the brief of the appellant's counsel, that the alteration made by the plaintiff's counsel in erasing the indorsements on the back of the note, after presentation and rejection of the claim, was fatal to the plaintiff's cause of action against the estate of J. H. Mabry, deceased, for the reason that the plaintiff· is only entitled to sue upon a claim which had been duly presented and rejected, and that the alteration which was made, as stated, varied and changed the cause of action as it existed when presented to the administrator for· his action. This ground is not maintainable; · the plaintiff's cause of action as it was when presented to the administrator, purported to be the note sued on, made and executed by the defendant Hudson as principal and J. H. Mabry as security, both being joint makers.

The cause of action as thus presented for allowance by the administrator purported by the indorsements which were then upon it to belong to the original payee, R. D. Cude, as appears by the indorsement made upon it by the transferee, Henderson Williams, who in effect indorsed the same in blank. The terms contained in the

indorsement as follows: "I become responsible to the holder of this note for its value with interest as called for, on failure of the original signers," — amount in legal effect to a guaranty of the payment of the note in the hands of whomsoever might be the holder and owner of it.   It was transferred to said Williams by the original payee on the 28th November, 1872, before its maturity, and was apparently and ostensibly the property of the plaintiff at the time the same was presented to the administrator for allowance.

The note, when presented, was accompanied by the plaintiff's affidavit, as prescribed by the statute.

The claim, therefore, as thus presented, was made by the plaintiff in this suit upon the same identical cause of action, and relying upon the same facts in order to have the same allowed against the estate of J. H. Mabry, as are relied upon in the plaintiff's petition for a recovery against said estate.

The erasure of the indorsements cannot affect the liability of the original makers of the note to pay their indebtedness to the legal and equitable owner of the note.   If Williams was liable as an indorser, such an obligation would be collateral merely to the primary obligation of the makers of the note.   The owner of the note had a right to dispense with and to cancel such secondary or collateral liability without prejudice to his right to look to the principal debtors.

The question presented is not one which relates to the proof or the sufficiency of evidence, or to the mode of establishing the plaintiff's right as holder and owner of the note sued on.   In that respect the obliteration or erasures of the indorsements might have been used as evidence tending to support on the one hand, or to disprove on the other, the plaintiff's title or ownership of the note; but no such question as that is involved under any assignment of error, or is presented otherwise by the record as a question in the case.   The only question involved is whether the cause of action sued upon is identical substantially with that which was presented by the plaintiff for allowance.   We are of opinion that it was, and that this appeal was taken for delay, and that the judgment ought to be affirmed, with ten per cent. damages for the delay.

AFFIRMED.

[Opinion delivered June 16, 1882.]

NOTE.— The opinion was adopted by the supreme court, and the judgment affirmed, "but without damages for delay."