## ABLE v. CHANDLER, ADM'R.

Although the administrator of an estate cannot bind the estate by his warranty, (Lynch v. Baxter, 4 Tex. R. 431,) or render it responsible in damages for frauds or torts, committed by him, yet, in his dealings with third persons in respect to the estate, he is bound to act fairly and not fraudulently; and the estate which he represents cannot be permitted to derive any unjust or unconscientious advantage from his unauthorized fraudulent conduct.

Fraudulent representations made by an administrator at the sale of property of the estate, respecting the character and soundness of the property, by which the purchaser is misled, entitle the latter to a rescision of the contract, or an abatement of the price contracted to be paid.

It seems that fraudulent representations which are made by the vendor at a public sale respecting the quality of the property, for the purpose of inducing persons to bid and of enhancing the price, are admissible in evidence, although the sale be perfected by a deed in which there are no corresponding stipulations, but a waranty of title.

Although the general denial, in an action on a sealed note, does not put the plaintiff upon proof of the execution of the note, it requires the production of the note, at the trial, and precludes the plaintiff from taking judgment by default or for the want of an answer; and such a plea is not therefore subject to exception.

Appeal from Cherokee. This was a suit upon a sealed note. The defendant answered by a general denial, and pleas impeaching the consideration of the note, in which he in substance, alleged, that the note sued on was given for the purchase money of a certain negro, sold by the plaintiff as administrator of one Griffin; that at the sale the plaintiff, with intent to cheat and defraud the defendant, falsely and fraudulently represented that the negro was well disposed, trustworthy and obedient, and falsely and fraudulently represented and warranted him sound in body and mind; well knowing that the said representations were false; that the defendant was ignorant respecting the qualities and soundness of the negro; and that he had no other means of information than the representations of the plaintiff; that he relied on said representations, and was thereby deceived and induced to make the purchase and give the note sued on; that the plaintiff

fraudulently concealed the vices of the negro; that in truth he was evilly disposed, untrustworthy and disobedient, and that he was unsound in body, particularly alleging wherein the negro was evilly disposed and unsound, and the injury and damage he had sustained by reason thereof.

The defendant excepted to the sufficiency of the answer, on the ground that there could be no binding warranty made by the plaintiff as administrator. The Court sustained the exception, struck out the answer excepted to, and gave judgment for the plaintiff as for the want of an answer; and the defendant appealed.

*Shanks, Bonner & Bonner* and *Henderson & Jones,* for appellant. I. The answer of the defendant was a good defence to the note, because it showed a case of false and fraudulent representation that avoided the contract. (Crayton v. Munger, 9 Tex. R. 285.) The case of Lynch and Baxter was very different from the present. That was a judicial sale, untinctured with any fraud or false representation. The defendant pleaded a want of title inherent in the sale.

The appellant pleaded that he offered to rescind the sale on discovering the fraud and imposition, but the plaintiff would not consent to it. He could therefore do no more than hold the property; but by this he did not mean to ratify the contract. The appellant pleaded matter of defence, which entitled him to a rescission of the contract; and the Court should have afforded him the proper relief. The fact that he may not, in the answer, have formally prayed to have the contract rescinded, will not deprive him of his just defence, for there is no law that requires the defendant to state the relief he wants, nor to do more than to set up matters which protect him from the plaintiff's action. Upon consideration of the mutual equities of the parties, the Court will make the proper order, and decree the appropriate relief. Thus, in Tarpley v. Poage, 2 Tex. R. 139-48, where a vendee, who sued on a promissory note, given for the purchase money of land,

objected a failure of title, but alleged no eviction and showed no dispossession ; the Court observed that—" The vendee "must, by competent and sufficient evidence, establish the " existence and validity of the outstanding title, but where " that is done there is no reason why his remedy should be " delayed until disturbed in the enjoyment of the land, and " this even where the defendant is in possession, for the Court " has authority adequate to the adjustment of all the matters " arising out of the controversy between the parties." (See also Jones v. Taylor, 7 Tex. R. 240.)

II. But supposing the answer to have been bad, and to have been rightly overruled on exception, still the Court should not have given judgment as for want of an answer ; for there was still the general denial in, the effect of which has been always understood in practice, to prevent the taking a judgment by default, and to force the plaintiff to go before a jury, and produce the note declared on. (1 Tex. R. 9; 2 Id. 378-80; 4 Id. 242, 325.)

*Donley & Anderson,* for appellee. I. The first answer in point of time is a general denial, doubtless intended for the general issue. To this petition we think there is no general issue; and the answer a nullity. *Non est factum* properly pleaded would have put in issue the note declared on. Any plea impeaching the consideration should be special, and must be sworn to. Any imaginable defence that could be made to the note, must be made by specially stating the facts. If this plea of general denial is not an absolute nullity in this case, all that could be required under it would be the production of the note and in this cause that could not be done; the note was a part of the petition and before the Court. But we think it was not necessary that the note should be produced. The general denial is offered as answer to the whole demand. If it fails to answer that which it assumes to answer we think it bad. (1 Chit. Pl. 523.) The defendant by this does not deny the execution of the note—he does not deny the consideration

of the note—he does not deny the right of the plaintiff to maintain the suit—failing to make an issue of any of the above material facts he virtually and in fact admits them to be true : that being the case, is anything further required to entitle him to judgment ? It may be argued that although the general denial admits the consideration, execution and delivery of the note declared on, it does not admit that the plaintiff was the owner or holder of the note at the time of the trial. We think a fact being shown to exist, its continuance will be presumed until the contrary is shown. (1 Greenl. Ev. Sec. 41, 42 ; 2 Stark. Ev. 937.

The presumption that the note had been lost or transferred cannot be indulged. Everything shall be taken most strongly against the party pleading. (1 Chit. Pl. 237.)

The answer must be adapted to, and meet the charge. (1 Chit. Pl. 521.)

*Nil debit* to an action of debt on a specialty is bad on demurrer. (1 Chit. Pl. 483.)

*Non assumpsit* would be no answer to an action of covenant ; and we think the general denial is no answer to the petition in this cause.

II. The remaining answers which are sworn to allege these facts : that the note declared on was given by appellant for a negro sold by the appellee at public auction as the administrator of one Griffin ; that the said appellee was guilty of fraud in this, that by himself and his auctioneer he represented the negro to be honest and trustworthy, also to be sound in body and mind, and fraudulently concealing the defects of the negro, and by writing warranting the slave to be sound ; breach that the slave was dishonest and unsound and that the appellant was injured thereby five hundred dollars, which he pleads in re-convention. Do these facts present a defence to this note ?

It is alleged that the bill of sale of the negro, given at the time of the sale, contains a warranty of soundness of the negro, and there is no allegation that the representation as to honesty was omitted to be inserted in the bill of sale, through fraud or mistake.

It is well settled that parol evidence of previous or cotemporary declarations cannot be received to vary the terms of a valid written instrument. (Story on Contracts, Sec. 671, note 1; 1 Greenl. Ev. Sec. 275; 2 Stark. Ev. 758; 2 Phill. Ev. 358, note 295 to 2 Phill. Ev.; 4 Phill. Ev. 593.) A warranty of title will exclude a warranty of soundness. So we think, of soundness will exclude any warranty or declaration as to honesty. (Smith v. Williams, 1 Murphy, 426; Wren v. Wardlow, 1 Ala. 363; Hitchcock v. Hains, 1 Miller La. 311; Read v. Duncan, 2 McCord, 167; Duff v. Joy, 4 Stewart, 140.)

The appellant could claim an abatement on account of misrepresentation of the soundness of the slave, only upon the ground that those representations amount to a warranty of soundness. He cannot resort to that in this case, as that is alleged to be a written warranty.

This being a judicial sale, is a warranty made by the administrator binding upon the estate, and will a breach of that warranty avail the appellant as a defence to this suit? We think the question is settled by this Court against the appellant in the case of Lynch v. Baxter and wife, adm'r, (4 Tex. R. 431.)

WHEELER, J. The questions presented by the record, in this case, are settled by the previous adjudications of this Court.

It is true, that the plaintiff, in his representative character, could not bind the estate by his warranty. (Lynch v. Baxter, 4 Tex. R. 431:) And so much of the answer as set up and relied on his alleged warranty, was rightly stricken out. But it is also true, that, though the administrator of an estate cannot bind the estate by his warranty, or render it responsible in damages for frauds or torts, committed by him, yet in his dealings with third persons, in respect to the estate, he is not, by his representative character, absolved from the universal

obligation to observe the dictates of natural justice and common honesty, which require that he shall act fairly and not fraudulently. Nor can the estate which he represents be permitted to derive an unjust and unconscientious advantage, to the injury of those with whom its legal representative contracts, by means of his unauthorized fraudulent conduct. (Crayton v. Munger, 9 Tex. R. 285.) If the averments of the answer were true, they entitled the defendant, if not to a rescission of the contract by reason of his not having asked a rescission with appropriate averments, at least to an abatement of the price contracted to be paid for the negro, in so far as his value was diminished by reason of the vices and unsoundness concealed by the false and fraudulent representations of the plaintiff. To that extent the averments of the answer were a defence to the action; and the Court erred in sustaining the the exceptions to the entire answer.

The Court also erred in rendering judgment for the want of an answer, and without the intervention of a jury, when the defendant had answered by a general denial. Though the general denial did not put the plaintiff upon proof of the execution of the note, it required its production, (Matossy v. Frosh, 9 Tex. R. 610, 613,) and it precluded the plaintiff from taking judgment by default, for the want of an answer. The judgment is reversed and the cause remanded.

Reversed and remanded.