NATHAN DAVIS v. JOHN R. MARSHALL AND OTHERS.

A suggestion of delay opens the record for the inspection of all errors presented by it. And where the defendants in error suggested delay, and the record showed that they (plaintiffs in the cause) had sued on a promissory note; general denial and special pleas by the defendant; evidence introduced in support of the special pleas by the defendant, and none offered by the plaintiffs in the suit in support of the allegations of the petition, the judgment in favor of the latter was reversed and the cause remanded.

Where the defendant to a suit on a promissory note answers by a general denial, the plaintiff must produce the note in evidence.

ERROR from Panola. Tried below before the Hon. C. A. Frazer.

Judgment was rendered for the plaintiff for the amount sued for on the note. There was no assignment of errors filed by the plaintiff in error. The other facts are stated in the opinion with sufficient fullness.

BELL, J.—This was a suit by the defendants in error against the plaintiff in error on a promissory note. The defendant in the court below denied all the allegations of the petition of the plaintiffs, and filed also special pleas. The statement of facts shows that evidence was introduced by the defendant in support of his special pleas, but does not show that the plaintiffs offered any evidence in support of the allegations of their petition. It is not shown that the note sued on was read in evidence. The case is submitted upon a suggestion of delay by the defendants in error, and we therefore notice all errors presented by the record. Where the defendant to a suit on a promissory note answers by a general denial, the plaintiff must produce the note in evidence. (Matossy v. Frosh, 9 Tex., 610; Able v. Chandler, 12 Tex., 88; Bond v. Mallow, 17 Tex., 636; Kinnard v. Herlock, 20 Tex., 48.)

The judgment is reversed and cause remanded.

Reversed and remanded.