H. P. LEVERETT, ADM'R, v. W. B. WHERRY.

(No. 3583.)

APPEAL from Rusk County.   Opinion by WILLSON, J.

C. C. LEVERETT, J. H. TURNER and G. H. GOULD, counsel for appellant.

No counsel appeared for appellee.

§ 185. *Petition in suit upon a rejected claim against an estate must allege what; case stated.*  This is a suit brought by appellee against appellant as administrator of the estate of M. D. Leverett, deceased, to establish two claims against said estate, one a promissory note for $89, and the other an open account for $830.   Appellee recovered judgment establishing said claims.

Appellant's special exception No. 2 should have been sustained.   Appellee's petition does not specifically allege the presentment and rejection of the claims.   It does not state the time when the claims were presented to the administrator, and rejected by him.   [Sayles, Pr., § 55.]

§ 186. *Itemized account; requisites of.*  Appellant's special exception No. 3 should have been sustained.   The suit is upon an open, not a stated, account, and said account is not properly itemized.   The first item, "Balance on settlement, $404.69," is too general.   It is not an itemization.   The particular items showing said balance should be set forth.   [R. S., art. 3204; 1 App. C. C., §§ 636, 941; Love v. Doak, 5 Tex. 346.]

§ 187. *Verified account not evidence in suit against an estate.*  It was error to admit said account in evidence.   It was not evidence under article 2266, Revised Statutes, because it was a transaction between appellee and the decedent, and this is a suit against an administrator.   [Art. 2248, Id.]   The articles of the statute above cited must be considered and construed together.

Appellee could not have testified to the correctness of said account on the trial of this cause, and he could not be permitted to do indirectly that which he could not do directly.

December 19, 1890.          Reversed and remanded.