**EMBERLIN et al. v. WICHITA FALLS, R. & FT. W. RY. CO. et al. (No. 595—4068.)**

(Commission of Appeals of Texas, Section A. Dec. 20, 1924.)

**1. Railroads ⚫400(12)—Pedestrian's contributory negligence in failing to look and listen held for jury.**

Contributory negligence of pedestrian in failing to look or listen for approaching train before attempting to cross track *held* for jury, in view of evidence that he could not have seen or heard train.

**2. Negligence ⚫136(9) — Contributory negligence for jury, if reasonable minds might differ.**

Whether contributory negligence is question of fact for jury depends on whether reasonable minds might differ.

**3. Trial ⚫350(6)—Charge held properly refused as submitting evidence establishing fact issue made by pleading.**

Charge, submitting question whether drive wheels of engine ran over and killed deceased, *held* properly refused as requiring finding, not of fact issue made by pleading as to whether engineer saw deceased and knew of his peril in time to stop train before striking him, but evidence establishing such fact, contrary to Rev. St. art. 1985.

**4. Appeal and error ⚫1114—Defendants in error held entitled to remand to Court of Civil Appeals for consideration of assignments, not passed on by it because of erroneous holding on another question.**

Court of Civil Appeals having erroneously held that trial court erred in refusing to submit issue, defendants in error are entitled to remand to Court of Civil Appeals for consideration of other assignments, not passed on in consequence of such holding.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Mrs. Mattie Emberlin and others against the Wichita Falls, Ranger & Fort Worth Railway Company and others. Judgment for plaintiffs was reversed by Court of Civil Appeals (255 S. W. 796), and plaintiffs bring error. Reversed and remanded to Court of Civil Appeals, with direction.

W. A. Shields, of Houston, Merritt & Leddy, of Dallas, and W. E. Martin, of Stanton, for plaintiffs in error.

Goree, Odell & Allan and Ernest May, all of Fort Worth, and McCartney, Foster & McGee, of Breckenridge, for defendants in error.

Jno. F. Evans, of Breckenridge, and Levy & Evans and Thompson, Barwise, Wharton & Hiner, all of Fort Worth, for Fort Worth & R. G. Ry. Co.

BISHOP, J. R. L. Emberlin stepped in front of a train as it ran into the railroad station at Breckenridge, Tex., and was struck and killed. His surviving wife and children filed suit and recovered judgment on account of his death in the sum of $20,000.

On the trial the jury rendered a verdict on special issues, finding that the employees in charge of the train were negligent in failing to ring the bell as the train approached the station, and that such negligence was the proximate cause of deceased's being struck and killed; that deceased did not look to see whether a train was approaching before he attempted to step on the railroad track, and did not listen for a train as he approached the track, but that his failure to look or listen was not negligence on his part, and did not contribute to cause his death; and that

the operatives of the locomotive saw the deceased and knew of his peril in time that they could, by the use of means at hand, and with safety to the locomotive and train, have stopped in time to have avoided killing deceased, and that their failure to do so was negligence. On appeal the Court of Civil Appeals held that deceased was guilty of contributory negligence as a matter of law, and complaint is here made at this holding. 255 S. W. 796.

There is evidence that just prior to the time deceased stepped on the track he was standing beside the track and two feet from it; that there was a crowd of some 200 people at the station, and that there was a number of cars and trucks lined up between him and the train, which together with said crowd would have prevented him from seeing the approaching train had he looked; that he could not see the train until he got to the track; that he was attempting to cross the track in a foot path that crosses at the place where he was struck; that the train usually came in making a great deal of noise, letting off steam, grinding brakes, and ringing the bell, but that morning it coasted or ran into the station at a rate of four or six miles per hour without making any noise; that there was no working of steam or grinding of brakes, and the bell was not ringing. One witness testified that he was sitting in his car near the Walker street crossing, which was near the station, and that he did not hear the sound of the approaching train until the engine was within two feet of his car.

[1] From the evidence can it be said that reasonable minds could reach no conclusion other than that deceased was guilty of contributory negligence in failing to look or listen for the approaching train before attempting to cross the track? There is evidence that if he had looked he could not have seen the engine, and if he had listened, it coasted in so noiselessly that he would not have heard it. We think the jury was warranted in concluding from the evidence that, though the deceased neither looked nor listened, he was not negligent in attempting to cross the track. The evidence would warrant a finding that, had the bell been ringing, or the usual sounds made by the train entering the station, the deceased would have been warned of its approach, and would not have attempted to step on the track. Reasonable minds might differ as to whether, under this evidence, an ordinarily prudent person would have relied upon the usual noise made by a locomotive engine in approaching the station to have called attention to its approach.

[2] It would serve no useful purpose to distinguish the facts of this case from those of cases in which it has been held that there was negligence as a matter of law, or to call attention to the facts of cases in which it has been held that the issue of negligence was one of fact. The question for decision is whether, under the facts, the issue of negligence is one concerning which reasonable minds might differ. Barron v. Railway Co. (Tex. Com. App.) 249 S. W. 825; Trochta v. M., K. & T. Ry. Co. (Tex. Com. App.) 218 S. W. 1038; M., K. & T. Ry. Co. v. Merchant (Tex. Com. App.) 231 S. W. 327.

[3] The Court of Civil Appeals held that the trial court erred in refusing to give in charge to the jury the following:

"Did the drive wheels of the engine in question run over and kill said R. L. Emberlin, deceased?"

The reason given for this holding is that, under the other evidence, in regard to the killing of deceased, if he was killed by the drive wheel, there could possibly be no discovered peril. The evidence shows that, when deceased was struck, he was carried by the pilot 15 or 20 feet before he fell to the ground. He was struck on the head and killed. The evidence is conflicting as to whether he was struck by the drive wheel just a few feet from the pilot, or whether he was struck by the journal box on the rear truck of the tender. The statement of the engineer in charge of the engine is:

"From the time I saw the man was in danger until I brought my engine to a stop, I traveled between 40 and 60 feet, I should judge. When our train came to a stop, he was just behind the front baggage car wheels."

Rev. St. art. 1985, provides:

"The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading."

The issue made by the pleading here is whether the employee operating the locomotive saw deceased and knew of his peril in time that he could, by the use of means at hand, and with safety to the locomotive and train, have stopped in time to have avoided killing him. The negative as well as the affirmative of this issue was presented by its submission. The circumstances which would establish or refute this issue, within contemplation of this article, constitute evidence, which its terms provide a special verdict must not find. Though all the circumstances necessary to establish or refute the issue save one are uncontradicted, the one remaining would not be an issue made by the pleading. The submission of the question as to whether deceased was killed by the drive wheel, we think, would have been requiring the jury to find, not the issue of fact made by the pleading, but the evidence by which such issue of fact was sought to be established, and should not have been given.

[4] Having held that the trial court erred in refusing to submit the issue as to whether the deceased was killed by the drive wheel,

the Court of Civil Appeals reversed and remanded the cause without considering and passing upon other assignments of error presented, some of which involved questions of fact over which the Supreme Court has no appellate jurisdiction: As we have concluded that the refusal to submit this issue was not error, the defendants in error are entitled to have all other assignments necessary to a correct disposition of the appeal considered. We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court, with direction that it consider all other assignments which in its judgment may appear to be necessary.

CURETON, C. J. Judgment of Court of Civil Appeals reversed, and cause remanded to Court of Civil Appeals as recommended by the Commission of Appeals.