**JACKSON et al. v. MEANS et al.** (No. 939–5046.)

Commission of Appeals of Texas, Section B. Jan. 2, 1929.

B. O. Baker, of Dallas, and J. L. Goggans, of Breckenridge, for plaintiffs in error.

Cockrell, McBride, O'Donnell & Hamilton and W. F. Johnson, all of Dallas, for Miss Cora M. Harvey.

J. Lee Zumwalt and John W. Pope, both of Dallas, for defendants in error.

Crate Dalton, of Dalhart, for Nathan Powell.

SHORT, P. J. The defendant in error J. S. Means owned a certain lot in an addition to the city of Dallas. He executed a power of attorney to Nathan Powell to sell and convey it for any sum of money or other consideration and on such terms as to Powell might seem most to Means' advantage, and to receive the consideration for which the lot might be sold, and to execute proper receipts, releases, and acquittances, and to execute to the purchaser a deed, giving to said Powell other general powers customary to be given in a general power of attorney. The substance of this power of attorney is embraced in the opinion of the Court of Civil Appeals. 299 S. W. 344. By virtue of this power of attorney, Powell sold the lot to Cora M. Harvey for $1,250, receiving the consideration in cash. Powell made no report of this transaction to Means, and never paid over this money to him or any one authorized by Means to receive it. Means finally discovered that Powell had sold the lot and that he had executed a deed conveying it, which deed recited a cash consideration of $500 and the execution and delivery of two promissory notes payable to Means, due one and two years thereafter. This suit was then brought against Cora M. Harvey and others by Means, based on the execution and delivery of these two notes, alleging ownership of the notes in Means and nonpayment and past-due dates. It appears without dispute that Powell demanded cash for the lot, but that Miss Harvey desiring to purchase it only had $500, and the plaintiff in error Rice R. Jackson agreed to furnish her the remaining purchase money, and that the deed should recite the execution and delivery of the notes with a retention of the vendor's lien, and that these notes should be indorsed in blank by Powell as the agent of Means without recourse and delivered to Jackson. Jackson afterwards indorsed the notes to other parties, who are plaintiffs in error here, and Miss Harvey paid them when they became due. The record contains this agreement entered into by the parties: "That Nathan Powell, Dr. Rice R. Jackson, and Miss Cora M. Harvey, if present and testifying in this case, would testify that Nathan Powell demanded and received all cash for said lot on the day of sale; that Miss Cora M. Harvey not having but $500 in cash, it was agreed between Nathan Powell and Dr. Rice R. Jackson that Dr. Rice R. Jackson should furnish and pay the other $750.00 in cash, and that notes to the amount of $750 should

be signed by Miss Cora M. Harvey, payable to the order of J. S. Means, and indorsed without recourse to Dr. Rice R. Jackson; that the execution of the deed and notes and the payment of the entire $1,250 consideration for the lot was a simultaneous transaction."

The district court denied any recovery to the plaintiff Means, the defendant in error here, but upon appeal to the Court of Civil Appeals at El Paso that court reversed the judgment of the district court and rendered a judgment in favor of the defendant in error Means, remanding the case as to the other parties for a retrial on their various cross-actions. The judgment of the Court of Civil Appeals is based upon the conclusion reached by that court that Powell, under the power of attorney, had no authority to indorse and transfer the notes received and payable to his principal in the manner he did.

The plaintiffs in error have presented one assignment of error and one proposition thereunder. This assignment of error and this proposition are as follows:

"The Court of Civil Appeals erred in holding that the power of attorney in question was insufficient to authorize the transfer of the notes in the way and manner and under the circumstances under which they were transferred, and that plaitniff was entitled to recover.

"Proposition. The agent Powell having received the entire consideration of $1,250 in cash for the lot at the time of closing the trade, as per prior agreement between the parties, it was immaterial that part of the money was furnished by Rice R. Jackson and to protect him for the money so advanced the notes were made out to Means and indorsed simultaneously without recourse to Jackson."

We are of the opinion that the assignment of error must be sustained and that the proposition stated is correct. It was incumbent on the defendant in error Means to establish ownership of the notes under the general denial interposed by the plaintiffs in error. These notes were offered in evidence and were indorsed "without recourse on the undersigned J. S. Means by Nathan Powell, attorney in fact," and across the face of the notes the words "paid in full." The real transaction in which Means was an interested party is fully stated in the agreement quoted. Means was present at that transaction by his duly authorized agent to execute the deed to Miss Harvey and receive the purchase price. This he did. Beyond the reception of the purchase price Means was not interested, nor was he liable in any way, since the notes were indorsed in his name without recourse by Powell. The notes never belonged to him and were never a part of the consideration for the land in so far as Means was interested in the consideration. At most,

they evidenced the transaction between Dr. Jackson and Miss Harvey.

In Gaston & Ayres v. J. I. Campbell Co., 104 Tex. 576, 140 S. W. 770, our Supreme Court says: "We come, therefore, to the question, shall the rights of the parties and the right and justice of the case be made to depend on the mere form the transaction took or the apparel in which it was clothed? We cannot think so. The law ever pays but scant respect to mere appearance, but should and does give its first attention to the realities and very truth of every transaction."

In Kiser v. Austin, 286 S. W. 1082, Judge Speer for the Commission of Appeals says: "The real test always is, aside from any question of estoppel precluding the inquiry: What are the real facts? Chief Justice Cureton has well said upon this point: 'The law will look through all semblances and forms to ascertain the actual fact as to whether or not there has been a bona fide deposit made, and, if not, the guaranty fund does not protect the transaction, no matter how it may be evidenced.'" 2 Devlin on Real Estate (3d Ed.) § 849, p. 1570; Plummer v. Buck, 16 Neb. 322, 20 N. W. 342.

The case last cited is very similar in its facts to the case at bar, and in the opinion of the court in that case it is said: "It was not inconsistent with the duty which McKnight owed to his principal to receive the notes and mortgage of the defendants, Edmund P. and Laura V. Buck, and indorse the notes and assign the mortgage * * * to the defendant, McEwen, to enable them to secure a loan whereby to perfect the purchase; and I venture to say that similar transactions are quite frequent in land negotiations. No liability was thereby attempted to be saddled upon the plaintiff, and the transaction was no notice to the defendants, or either of them, of bad faith on the part of McKnight, or that he intended to defraud his principal out of the proceeds of the sale. * * * As between the parties before the court there is no cause of action or moral wrong either pleaded or proved; nor even against McKnight, so far as his transactions with the other defendants are concerned. With his subsequent embezzlement of the proceeds of this sale by the attorney they had nothing to do. The plaintiff alone of the parties had trusted him, and the consequences of such misplaced confidence must fall solely on him."

The substance of this transaction is that Miss Harvey wished to purchase the lot costing $1,250. She had only $500 of the money. The owner of the lot, acting through his agent, demanded payment of the full $1,250, and the question arose as to how she would get it. The plaintiff in error Jackson agreed to advance the other $750. The defendant Means, acting through his agent, received the full $1,250 after an agreement had been made between all the parties that the notes de-

scribed in the petition should be made by Miss Harvey and simultaneously indorsed without recourse to Jackson by Means acting through his agent. In other words, the substance of the transaction was that the agent of Means who was authorized to receive the $1,250 did receive it. Means was no longer interested in the transaction. He passed out of the picture so far as Miss Harvey was concerned as well as Dr. Jackson. The ownership of those notes, which it was incumbent upon Means in his petition to prove, was never in Means. Upon the contrary, the proof showed that the ownership was in Jackson at one time and afterwards transferred by him to others. Means authorized Powell to do the things which Powell did—sell the lot and receive the purchase money.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.