**TEXAS CITY TIRE SHOP, INC., Appellant,**

v.

**Jack ALEXANDER, d/b/a Alexander Distributing Company, Appellee.**

No. 13485.

Court of Civil Appeals of Texas.

Houston.

March 24, 1960.

Gregg & Bishop, C. Mann Gregg, Texas City, for appellant.

Jake B. Clegg, Jr., Houston, for appellee.

BELL, Chief Justice.

Appellant, on January 14, 1959, filed suit against appellee on two promissory notes, the first one being dated March 12, 1958, it being payable in 9 monthly installments of $731.50 each, the first installment being due April 16, 1958; the second note being dated September 24, 1958, it being payable in seven monthly installments, the first installment being payable January 16, 1959 in the amount of $791.96, and the other installments each being for $791.90. Each note was secured by a chattel mortgage. Thereafter, on March 18, 1959, appellant filed its amended petition by which it joined as a claim against appellee an open account in the amount of $109.08 plus the cost of a telegram in the amount of $3 paid by appellant in connection with notification from a bank that appellee's check was being returned to appellant. Prayer was for judgment for the balance due on the notes, and the open account, with interest and attorney's fees with foreclosure of its liens.

Appellee answered by filing a general denial and a plea that the first note had by agreement between the parties been merged into the second note and had thereby been paid. He further pled suit had been filed January 14, 1959, when the first installment on the second note was not due, and suit was thus prematurely filed. When the amended pleading was filed March 18, appellee tendered into court the three install-

ments then due, but deposit was not made into the registry of the court at the end of the trial in April, 1959.

Trial in April, 1959 was to the court without intervention of a jury. The court rendered judgment for appellant only for the three installments due on the second note which had been paid into court immediately prior to the rendition of judgment.

The findings of the trial court which we deem material to this appeal are that the parties intended the first note should be merged into the second note; that suit was prematurely filed on the second note and recovery should be had only on the three installments which were paid into the registry of the court; that the claim on the open account for $109.08 was not within the jurisdiction of the court; that only a copy of the second note was introduced in evidence and the note was not owned by appellant but by The General Acceptance Corporation, to whom it had been endorsed; and, that no attorney's fees should be allowed and appellant should pay all costs of court as suit was prematurely filed.

Appellant complains that the suit on the open account, though of itself below the jurisdiction of the court, was properly joined with other claims that were within the court's jurisdiction; that there is no evidence to support the trial court's finding that the parties intended the first note should be merged into the second one; and the trial court erroneously held suit was prematurely filed because three installments were due when the amended pleading was filed and it had accelerated maturity.

The record reflects that Mr. Jones, president of appellant, testified as to the two notes and chattel mortgages. The note of March 12, 1958 was introduced in evidence and a copy of the note of September 24, 1958 was introduced without objection. The chattel mortgages were introduced. The chattel mortgage securing the second note was on certain tires purchased by appellee in September, 1958 and four "vans".

The same "vans" were also covered by the chattel mortgage securing the first note. Five installments were paid on the first note, leaving a balance due as of September 24, 1958, when the second note was executed, of $2,926. In September, 1958 appellee bought $3,729 worth of tires, which amount was included in the second note which was in the total amount of $5,543.36. Mr. Jones testified he knew nothing of any agreement that the first note was to be merged with the second note. His son had handled the note. His son was not called as a witness. Mr. Jones could not say what was included in the second note other than the $3,729, but he thought an open account of about $1,400 was included. He could not be positive because he did not have his records. The records were never introduced, nor did the bookkeeper testify. The witness testified he owned the first note because appellant had paid it out to the General Acceptance Corporation to whom it had been endorsed with recourse. He said appellant did not own the second note because it had been endorsed with recourse to the General Acceptance Corporation, but it would own the note when it finished paying it out. The last installment was due July 16, 1959.

Appellee was not helpful. He did not testify to any agreement that the first note was to be merged into the second note. He thought the security for the first note was to be security for the second note, but he wasn't sure. He didn't know there was to be but one note. He knew the vans were to be security for the second note. The second note was blank when he signed it. He couldn't explain the amount of the second note though he knew it was customary to bring an open account forward.

The trial court apparently concluded there was an intention to merge the two notes because the four vans were security for the second note and the appellant failed to produce Mr. Jones' son who was in appellant's employ and who was the only person connected with appellant familiar with the alleged merger agreement, and,

also failed to call the bookkeeper who was familiar with the state of appellee's account. The court drew the inference that since appellant failed to call these witnesses, their testimony would be favorable to appellee's position that there was a merger.

 We have reached the conclusion that the case must be reversed. There is no evidence in the record to sustain the trial court's finding that the parties intended to merge the first note with the second. Appellee never testified to any such agreement. When asked if the four vans weren't to be security for the second note, he weakly answered he didn't know there was to be but one note. No inference of intent to merge the two notes can be drawn from the fact that some chattels were security for both notes. Too, when being questioned about what amounts went into the second note, he didn't know but knew it was common practice to bring forward open accounts. No amounts that appear in the record when added together result in $5,543.16, the amount of the second note. We do not think the failure of appellant to call his son and the bookkeeper justifies any inference that there was a merger and thus a discharge of the first note. The defense of payment by merger with the second note was an affirmative defense. Appellee had the burden of proving it. Appellant had no duty to introduce any evidence on this issue until appellee at least established prima facie his defense. Wichita Falls, R. & Ft. W. R. Co. v. Emberlin, Tex.Civ.App., 255 S.W. 796, reversed on other grounds Tex. Com.App., 267 S.W. 463; McCormick and Ray, Texas Law of Evidence, 2d Ed., §§ 100, 101.

The trial court had jurisdiction over the open account of $109.08 because it was joined with causes of action over which the court had jurisdiction. As a matter of fact, where a plaintiff sues a defendant, he may join as many claims as he has against such defendant and if in the aggregate they are within the court's jurisdiction the court has jurisdiction over each claim joined, provided the plaintiff asserts each claim in the same capacity against the defendant in the same capacity. McDonald's Texas Civil Practice, § 2.17, pp. 172–173 and authorities there cited.

The court was in error in holding the suit to be prematurely filed. When filed on January 14, 1959, it was premature as to the second note because no payment had fallen due. However when appellant filed his amended petition on which trial was had, three payments were past due. This is permissible. 9 Tex.Jur.2d, § 229, p. 251, and authorities there cited.

It appears that at the time of trial appellee did not own the second note but was paying the installments on it. It could not recover on it if it did not own an interest in it. Since the last installment was due July 16, 1959, it is probable that it now owns the note.

It is apparent to us that the case was not fully developed, therefore we do not reverse and render, but because of the errors noted we reverse and remand the case for retrial.