Guy LARUE, Appellant,

v.

SOUTHWESTERN FIRE & CASUALTY COMPANY, Appellee.

No. 16001.

Court of Civil Appeals of Texas.

Dallas.

April 20, 1962.

Rehearing Denied June 1, 1962.

Wm. Andress, Jr. and Steven G. Condos, Dallas, for appellant.

Spafford, Ledbetter, Freedman, Hamlin & Gay and Warren Whitham, Dallas, for appellee.

WILLIAMS, Justice.

Southwestern Fire & Casualty Company sued Guy LaRue to recover "an unpaid balance of $2,747.97" together with attorney's fees, on a promissory note executed by LaRue in the principal sum of $4,871.93. The note itself was attached to plaintiff's

petition and made a part thereof for all purposes. The note was in the principal sum of $4,871.93 payable in six monthly installments of $811.98 with the final installment of $812.03. The reverse of the note recited assignment to Southwestern Fire & Casualty Company by the original payee, T. A. Manning & Sons, but did not demonstrate any credits on the note.

Guy LaRue, in his answer, specially excepted to the plaintiff's petition because "it fails to show when and how credits for payments heretofore made have been applied, neither in the pleadings nor upon the note itself * * *." Following this special exception LaRue entered a general denial.

Thereafter, Southwestern Fire & Casualty Company filed its unverified motion for summary judgment alleging that the pleadings presented no issue of fact. The trial court overruled LaRue's special exception and then sustained Southwestern's motion for summary judgment, granting judgment against LaRue in the sum of $2,747.97, plus attorney's fees in the sum of $274.80. From that judgment LaRue appeals contending in two points of error (1) that the trial court erred in overruling his special exception and (2) the trial court was in error in sustaining motion for summary judgment inasmuch as the pleadings demonstrated an issue of fact as to the amount due.

We agree with appellant that the trial court was in error in failing to sustain his special exception which sought clarification of appellee's general allegation of credits. In its petition appellee merely stated that of the original amount of $4,-871.93 there remained due and unpaid the sum of $2,747.97, plus attorney's fees. The note itself, which was attached to the petition, and which would control over the allegations of the pleading, reveals nothing more than the principal amount of the note, there being no credits or other evidence of payment indicated thereon. Paul v. Houston Oil Co., Tex.Civ.App., 211 S.W.2d 345; 2 McDonald, Tex.Civ. Practice, 513, § 5.17.

The exhibit prevailing over the petition, the controlling allegation is the note itself in the amount of $4,871.93. There being an obvious discrepancy between the exhibit and the face of the petition, reciting unpaid balance in a lesser amount than the face of the attached note, appellant sought a clarification through the medium of a special exception which did nothing more than to ask the appellee to be specific in alleging how it arrived at the statement in the petition concerning unpaid balance. As stated by the court in C. D. Shamburger Lumber Co. v. Delavan, Tex.Civ.App., 106 S.W.2d 351, writ refused, the office of special exception is to place in the hands of an adverse party a medium by which he can force clarification and specifications when they are not clear or sufficiently specific. A somewhat analogous situation was presented in Ralston v. Aultman, Tex.Civ.App., Miller & Company, 26 S.W. 746, being a suit on a verified account which contained an allegation of an unpaid balance. The court said:

"We think appellant, by special exception, had the right to require appellee to give a more specific statement of the items composing this account than was afforded by this exhibit. Love v. Doak, 5 Tex. 343; May v. Pollard, 28 Tex. 678; Railway Co. v. Granger, 85 Tex. 574, 22 S.W. 959; Leverett v. Wherry, 4 Willson, Civ.Cas.Ct.App. 186 [15 S.W. 121]. It would seem that this account should have been itemized, even though appellee's petition could be treated as a declaration for an agreed balance. Neyland v. Neyland, 19 Tex. 423; Heidenheimer v. Ellis, 67 Tex. 426, 3 S.W. 666. We believe, however, this petition cannot be so considered. It will be noted that one of the items in this account is, 'Balance due, in cash, 10/1/91, 600 dollars,' and it will hardly be contended that this is set forth with the requisite particularity, and, in view of the credits admitted in the petition, its recovery was necessary to show a cause of action in favor of appellee."

■ It is fundamental that a petition must specifically allege the amount claimed to be due on the instrument, or state the facts from which the amount due may readily be computed. 9 Tex.Jur.2d 276, § 255; Wood v. Evans, 43 Tex. 175. The whole purpose of pleading is to advise the adversary, clearly and definitely, of what is being sought. In this case the burden was upon the plaintiff, appellee here, to set forth sufficient facts to demonstrate how, and by what method, it arrived at the unpaid balance sued upon. This is specially true in view of the fact that the attached exhibit failed to indicate any credit whatsoever.

Appellee has, in effect, alleged a part payment of the note. Rule 95, Texas Rules of Civil Procedure requires a defendant pleading payment, or part payment in defense, to itemize with particularity. The same rule has been applied correctly by courts to plaintiffs who allege payment or part payment, and should be more especially true in the face of a special exception as here presented. Cooper v. Irvin, 110 S.W.2d 1226; Pioneer Building & Loan Ass'n. v. Compton, Tex.Civ.App., 138 S.W.2d 884; Butler v. Merchants Nat'l. Bank of Mobile, 325 S.W.2d 229; 32 Tex.Jur. 699, § 37. Appellant's first point is sustained.

■ The trial court's action in sustaining appellee's motion for summary judgment necessarily postulates the nonexistence of issuable facts as demonstrated by the pleadings. From what we have said in connection with appellant's first point it is obvious that appellee's petition and exhibit demonstrates an ambiguity concerning the correct amount due on the note, such amount being made issuable by appellant's pleadings. In determining the question of whether or not material issues of fact were raised by the pleadings before the court in considering the motion for summary judgment we must review the record in the light most favorable to appellant and indulge every reasonable intendment in favor of appellant. Gulbenkian v. Penn, 151 Tex.

412, 252 S.W.2d 929; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Little v. Employees Security Life Ins. Co., Tex.Civ. App., 343 S.W.2d 517. There being question of the amount presented by the pleadings it cannot be said that there is a non-existence of material facts. Appellant's second point is sustained.

Reversed and remanded.