SOUTHWESTERN FIRE & CASUALTY COMPANY, Petitioner,

v.

Guy LARUE, Respondent.

No. A–9114.

Supreme Court of Texas.

April 17, 1963.

Rehearing Denied May 15, 1963.

Warren Whitham, Dallas, for petitioner.

William Andress, Jr., Dallas, for respondent.

GREENHILL, Justice.

Guy Larue executed a promissory note for $4,871.93 which was duly endorsed to the petitioner Insurance Company. The company brought suit on the note and for attorneys' fees, alleging that the balance owed on the note was $2,747.97. Copies of the note and its reverse side were attached to the company's petition. The back of the note showed the endorsement to the order of the company, but it showed no credits.

Larue's unsworn answer had two points: (1) a special exception that the company's petition failed to show when and how credits for payments had been applied or when demand was made [for payment] on the note; and (2) a general denial.

The company thereupon moved for summary judgment. No answer was made to that motion. Both sides appeared in the trial court, which entered judgment against Larue for $2,747.97 plus attorneys' fees. The Court of Civil Appeals at Dallas reversed the judgment and remanded the cause to the trial court for a new trial. Its opinion is based on the failure of the trial court to sustain Larue's special exception and because of the Court of Civil Appeals' holding that there was an issue of fact: that the company's petition itself created an ambiguity in the amount which was owed by Larue. Tex.Civ.App., 357 S.W.2d 821.

■ Larue does not deny the execution of the note. This he concedes in his brief. He does not question its endorsement to the company who sued upon it, or that it was based upon adequate consideration. Indeed all of these defenses must have been raised by sworn pleadings under Rule 93 of the Texas Rules of Civil Procedure. No point or argument is made by Larue on the question of demand for payment.

■ Similarly, Rule 94 provides that other affirmative defenses including that of payment, fraud, release, and the statute of limitations must be affirmatively pleaded. Under Rule 94 and Rule 95, payment is thus an affirmative defense on which the defendant has the burden of proof, which must be specially pleaded, and may not be shown under a general denial. Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); Commercial Inv. Trust v. Smart, 123 Tex. 180, 67 S.W.2d 858, 69 S.W.2d 35 (1934).

■ Since the execution of the note and its endorsement were not in issue, and since the burden was upon Larue to establish payments on the note, the trial court did not err in overruling Larue's special exception which would have required the company to show what payments had been made and when.

■ Nor do the allegations of the company's petition create an ambiguity or an issue of fact. It alleged the face amount of the note and the amount which was due on the note. The company could recover no more than the amount sued for, and the burden was upon Larue to prove payment or release of any further sums.

■ There is one feature of the case which disturbs us, but it is not raised by point of error in this Court or in the Court of Civil Appeals. As the record reaches us, the original of the note was not attached to the pleadings or to an affidavit presented in support of the motion for summary judgment, or by deposition. But no point was made of this failure in the Court of Civil Appeals. Indeed, in Larue's brief in the Court of Civil Appeals, it is stated under his point one as a fact that "The note is attached as an exhibit, rather informal in nature, for $4,871.93. * * *" This statement apparently was relied upon by the Court of Civil Appeals. The second line of its opinion states that "The note itself was attached to plaintiff's petition and made a part thereof for all purposes." 357 S.W.2d at 822. The parties themselves were not disturbed by the failure of the company to attach the original of the note

to its pleadings or to get it before the court by affidavit or deposition. Since no error was assigned thereon, we could not reverse for this failure. Assuming it to have been error, it was not of such character as to constitute fundamental error.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

CALVERT, C. J., and GRIFFIN, WALKER and HAMILTON, JJ., dissenting.

CALVERT, Chief Justice (dissenting).

I dissent.

I disagree with the holding that it was not error to overrule Larue's special exception. However, my disagreement with that holding would not necessarily lead me to dissent. My dissent is prompted by what seems to me a far more fundamental error being committed by the Court. That error lies in an apparent misconception of the limited office of a motion for summary judgment on pleadings.

Although the Court does not so state in its opinion, the record discloses that Southwestern sought a summary judgment *on the pleadings*. The motion is brief and unsworn and therefore cannot itself be treated as an affidavit. No affidavits, admissions, depositions, sworn copy of the note or other summary judgment proofs were attached to or filed with the motion. It asserted a right to a summary judgment "on the grounds that Defendant *failed to submit any affirmative defenses, and that the defense set forth in the Defendant's Answer* [a general denial] *is insufficient as a matter of law,* and that there is, therefore, no genuine issue as to any material fact, and the plaintiff is entitled to Judgment as a matter of law." (Emphasis added). No answer to the motion was filed.

The trial court's judgment reflects that it was entered *on the pleadings.* Following the usual formal recitations and a recitation that Larue's special exception should be overruled, the judgment continues: "and the court having heard and considered the pleadings on file and the statements of counsel, is of the opinion and so finds that they show an absence of genuine issue of any material fact and that plaintiff is entitled to summary judgment as a matter of law for the principal sum of $2,747.97 plus attorney's fees in the amount of $274.80." Judgment was then entered accordingly.

It is perhaps well at this point to consider the office of a motion for summary judgment on pleadings. In an article in 22 Texas Law Review 433, 439–440, Suggs and Stumberg liken such a motion to the old general demurrer. McDonald, writing at some length in 30 Texas Law Review 285, 297, undertakes a statement of sound rules of summary judgment practice. As one rule he states:

"a. *Where a motion is directed solely to the pleadings, and is not supported by affidavits, depositions, admissions, or other extrinsic evidence,* the motion is closely analogous to a special exception challenging the sufficiency of the opponent's pleadings as a matter of law. No counter affidavits are then necessary. The pleadings will be tested on their contents, and if they are sufficient in law, the motion will be overruled." (Emphasis the author's)

There is no requirement that a motion for summary judgment be a sworn motion, Willoughby v. Jones, 151 Tex. 435, 251 S.W. 2d 508, and Rule 166–A expressly provides that one may be made "with or without supporting affidavits." Moreover, a motion need not indicate on its face whether it is directed at the pleadings alone or whether it is intended to pierce the pleadings with evidence, although it is certainly better practice to make this disclosure in the motion itself. If the motion is directed solely at the legal insufficiency of the pleadings to raise a fact issue, there is, of course, no

place in the proceeding for affidavits, admissions, depositions or other summary judgment proofs. The only question before the court in this type of proceeding on a defendant's motion is whether the facts alleged by the plaintiff, if proved, would support a recovery in law. An example of when a defendant's motion on the pleadings properly may be granted is found in Schroeder v. Texas & Pacific Ry. Co., Tex.Civ. App., 243 S.W.2d 261, no writ history. It is doubtful that a summary judgment may ever be entered on the pleadings in favor of a plaintiff when an answer has been filed. Unlike some other jurisdictions, and perhaps unfortunately, our Rules of Procedure authorize the defensive plea of general denial; and by the express terms of Rule 92,[1] the plea puts in issue all matters pleaded by the adverse party which are not required to be denied under oath. Thus the defensive plea of general denial is sufficient in law to raise issues of fact with respect to every matter essential to the plaintiff's right of recovery save only those matters required to be denied under oath, and puts the burden on the plaintiff of proving all such matters. Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656; Altgelt v. Emilienburg, 64 Tex. 150. Once this fact is recognized, it follows necessarily that a summary judgment *on the pleadings* may never properly be entered for a plaintiff when the defendant has a general denial on file—not even in a suit on a promissory note.

I have said that it seems to me that the Court misconceives the office of a motion for summary judgment on pleadings. Its opinion does not recognize that the motion was made and granted on the pleadings. Further, it speaks of the burden being upon Larue "to establish payments on the note," thus treating the proceeding as though it were one contemplating the introduction of evidence. Perhaps the strongest indication of a misconception of the office of the motion lies

in the Court's statement that it is *disturbed* by Southwestern's failure to produce the original note and get it before the trial court by affidavit or deposition. Why so? If the motion on the pleadings was good, production of evidence of any character was unnecessary.

Getting to the merits of the problem before us, the first question to be faced is whether Southwestern's motion for summary judgment on the pleadings was properly granted. The Court seems to hold that it was.

The opinion of the Court refers to the fact that Larue's answer contained no sworn pleas denying execution of the note, asserting failure of consideration, or questioning the genuineness of the endorsement and assignment to Southwestern. It refers also to the fact that neither a plea of payment nor any other plea required by Rule 94 to be asserted affirmatively was filed. All this is granted; but it does not meet the fact that the summary judgment was erroneously entered if issues of fact were raised by Larue's general denial. I suggest that the general denial raised issues of fact and that the judgment was, therefore, erroneously entered.

In Bond v. Mallow, 17 Tex. 636, 637, this Court stated that a general denial in a suit on a note is "as nearly equivalent to no answer as it can be and yet have the name of a plea." Nevertheless, we recognized in Robinson v. Brinson, 20 Tex. 438, 440, that "the general denial is not a plea, that the court can disregard in an action on a note; and that for some purposes it is a good plea, although it be not sworn to;" and we stated that "it imposes on the plaintiff the duty of producing and offering in evidence the note sued on."

As in all other types of suits, a general denial in a suit on a note puts in issue all matters pleaded by the plaintiff

---

**1.** All references to Rules are to Texas Rules of Civil Procedure.

which are not required to be denied under oath. 9 Tex.Jur.2d 292. A general denial thus undoubtedly puts in issue allegations that the plaintiff is the owner or holder of the note, that the note is due, and that the note provides for attorney fees. Proof of these matters are essential to the plaintiff's right of recovery. Neither the Negotiable Instruments Act nor the Rules of Civil Procedure require that any of them be denied under oath before they can be disproved. Traverse of them is not an affirmative defense to be specially pleaded under Rule 94. Thus under his general denial Larue could not question the genuineness of the endorsement and assignment of the note by the original payee to Southwestern, but the general denial did put the burden upon Southwestern to prove that it was the owner or holder of the note at the time of suit, and thus that it had not assigned and delivered it to another.

In an ordinary trial on the merits this burden would be discharged by producing and introducing the note in evidence. If the note showed, as the copy attached to the petition indicates, that it had been assigned to Southwestern by endorsement by the payee, no further proof by Southwestern would have been required inasmuch as proof that it was the holder of the note would entitle it to a judgment which would inure to the benefit of any assignee. Art. 5935, Sec. 51 and Art. 5948, Sec. 191; Anderson v. Shaw, 2 Tex. 285, 286; Thompson v. Cartwright, 1 Tex. 87. But in the absence of production and introduction of the note, a judgment in favor of Southwestern would have been improper. Davis v. Marshall, 25 Tex. 372; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914, 917; Hayward v. Duiker, Tex.Civ.App. 276 S.W.2d 320, no writ history; Able v. Chandler, 12 Tex. 88, 93. Moreover, if Southwestern failed to produce and introduce the note, Larue, under his general denial, could prove that Southwestern was no longer its owner and could thus defeat a recovery. Jackson v. Means, Tex.

Com.App., 12 S.W.2d 167, 168; Texas City Tire Shop, Inc. v. Alexander, Tex. Civ.App., 333 S.W.2d 690, 693.

The only difference between an ordinary trial on the merits, and a summary judgment proceeding, with the general denial on file, lies in the type of evidence required. In the summary judgment proceeding Southwestern could have discharged its burden without producing and introducing the original note, under Rule 166–A(e), by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit. Gardner v. Martin, 162 Tex. 117, 345 S.W.2d 277.

In either event—whether in a trial on the merits or in a summary judgment proceeding—a general denial raises an issue of ownership of a note. As stated, the general denial also put in issue, and put the burden upon Southwestern to prove that, the note was due and provided for attorney fees. This is too elementary to require elaboration or discussion. There is another matter which, in my opinion, was put in issue by the general denial which I shall discuss later.

With these matters essential to Southwestern's right of recovery put in issue by Larue's general denial, the granting of Southwestern's motion for summary judgment on the pleadings was clearly erroneous. A holding that it was proper does not support, but subverts, the purpose of the Rule 166–A; for while it is the purpose of the Rule to provide a summary method of obtaining judgment on the pleadings when no legal right of recovery is pleaded by the plaintiff and of piercing sham pleadings by evidence, it is not the purpose of the Rule to provide a short-cut to a judgment, requiring evidence, through an *assumption* that pleadings legally sufficient to raise issues, are in fact sham. Squarely in point, and in my opinion correctly decided, is Stanford v. Franklin, Tex.Civ.App., 312 S.W.2d 703, no writ history. In that case a summary judg-

ment on the pleadings entered in favor of a plaintiff in a suit on checks was reversed on the ground that a general denial filed by the defendant raised fact issues which could only be resolved by evidence. And if McDonald's statement, quoted above, that a motion on pleadings is "closely analogous to a special exception challenging the sufficiency of the opponent's pleadings as a matter of law" be correct, this Court's decision in Kinnard v. Herlock, 20 Tex. 48, forecloses the question. We held that the sustaining of a special exception to a general denial in a suit on a note was reversible error.

The opinion of the Court lays some emphasis on the fact that "no point of error was made" and "no error was assigned" in the Court of Civil Appeals to the failure of Southwestern to produce and put the original note in evidence. These failures may have some bearing on the right of the Court of Civil Appeals to reverse the trial court's judgment, but they have none whatever in determining whether the action of the trial court in entering summary judgment was erroneous. This brings me to the question of whether the judgment of the Court of Civil Appeals should be reversed, and to the other matter which, in my opinion, was put in issue by the general denial.

The trial court rendered judgment for the sum of $2,747.97 plus attorney's fees in the amount of $274.80. Since the judgment was entered on the pleadings, the Court must have accepted the amount alleged to be due as correct, without evidence, and accepted as true, without evidence, that the note provided for ten percent attorney's fees. Larue's general denial put both matters in issue. To hold otherwise would lead to an anomaly in the law.

If Larue had defaulted and filed no pleading, Southwestern could not properly have obtained a judgment without production and introduction of the note in evidence. Rule 241 provides: "Where a judgment by default is rendered against the defendant, * * * if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and judgment final shall be rendered therefor * * *." By the provisions of the Rule it is the duty of the Court to determine that the claim is liquidated and *proved* by an instrument in writing and to *assess* the damages or to have them assessed under its direction. While all other elements of the plaintiff's claim are taken as confessed as alleged, the amount of the plaintiff's damages is not taken as confessed as alleged. That being true, it is totally illogical to say that the filing of a general denial by way of answer to the petition relieves the plaintiff of the burden of producing evidence and authorizes a summary judgment on the pleadings. Thus if Larue had defaulted in this case, the trial court could not have rendered the judgment it did render absent production in evidence of the note and testimony showing payments and credits supporting the judgment. With the note and testimony of payments before it, the Court could properly and correctly determine the amount due and payable; without that evidence, it could not. One may ask, how did the filing of the general denial, which put in issue the correctness of Southwestern's computation, authorize the trial court to accept Southwestern's computation as correct? And how did the filing of the general denial authorize the Court to find, without evidence, that the note provided for attorney's fees and that the correct amount thereof was $274.80?

Larue had before the Court of Civil Appeals a point of error and an argument thereunder which went to the heart of this matter. The point of error is as follows: "A pleading of a note for $4,871.93 with the note in such amount attached as an exhibit, showing no credits, will not sustain a summary judgment over general denial for $2,747.97 plus claimed attorney's fees, without supporting affidavits to explain the discrepancy, there being an ob-

vious dispute of fact." What the point of error says in effect, when stripped of surplusage, is that with a general denial on file the summary judgment rendered for $2,747.97 and $274.80 attorney's fees could not be granted on the pleading, but evidence was required. That is also the effect of the statement and argument under the point.

In his statement under the point Larue points out that while he did not deny execution of the note, he did "by his general denial, deny the amount owing under the note." He argues that the amount owing on the note is not self-proving and does not have to be denied under oath; that the "general denial reaches it, and raises the question of fact;" that "the claimed balance of $2,747.97 is material to the plaintiff's recovery," and that "It has not been established in any manner." Thus the basis of Larue's complaint was not that Southwestern had failed properly to present the note as a basis for the summary judgment, but was that summary judgment had been rendered *on the pleadings* rather than requiring proof when an issue of the correctness of the amount sued for had been put in issue by his general denial.

In 13 Texas Bar Journal 93–94, Stayton refers to the delay of judgment in a simple suit on a note that had been caused by filing a general denial and demanding a jury before adoption of Rule 166–A, and continues: "Now, however, such a case should be simple and a judgment promptly rendered. The plaintiff need only show under oath that he is the legal holder—indeed producing the note—and that will be all there is to it." So, here, if Southwestern had sought summary judgment on *proofs* rather than on *pleadings,* a simple affidavit that it was the owner and holder of the note and that certain payments had been made with credits properly allowed, with a sworn copy of the note attached, would have made it a simple matter for the Court to render judgment for the

amount actually due. Without such proofs the judgment was clearly erroneous, and in my opinion the error was properly preserved and presented in the Court of Civil Appeals. The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause is correct.

I would affirm the judgment of the Court of Civil Appeals.

WALKER and HAMILTON, JJ., join in this dissent.

GRIFFIN, Justice.

I join in the dissent on the ground that the note, or a copy admissible in evidence in accordance with legal rules, was not attached to an affidavit supporting the motion for summary judgment.