Randy M. GRIFFIN and Tom Griffin
d/b/a Griffin Limousin Ranch,
Appellants,

v.

CITIZENS NATIONAL BANK IN
WAXAHACHIE, Appellee.

No. 17887.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 20, 1977.

Rehearing Denied Nov. 17, 1977.

Boyd, Veigel & Gay, Inc., and William M. Boyd, McKinney, for appellants.

Jenkins & Jenkins, Warick H. Jenkins, Waxahachie, for appellee.

## OPINION

HUGHES, Justice.

Citizens National Bank in Waxahachie sued Randy M. Griffin and Tom Griffin on a promissory note. Trial court granted a summary judgment on Bank's motion. Griffins appeal.

We affirm.

Bank alleged that: Griffins made a promissory note to Dorcell Young for $15,-000.00 on June 9, 1975;

Young endorsed and delivered same to Bank;

Bank is still the lawful owner and holder of note;

First installment matured June 9, 1976 in the principal amount of $5,000.00 still unpaid, plus interest at 9% per annum from June 9, 1975.

Bank attached to Exhibit A of its original petition (sworn) a photocopy of a note.

Griffins filed a sworn original answer in the form of a general denial plus an allegation that Young misrepresented the paternity potential of the bull for which the note was given; that Bank, prior to the sale and purchase of said bull, was aware of the misrepresentation; and "at all times material hereto" Bank was aware of the failure of consideration.

By defendant's answers to "Plaintiffs' Requests for Admissions" filed in the papers of the cause Griffins admitted:

"1. Reference is made to Exhibit A of Plaintiff's Original Petition on file herein, and in connection therewith:

"(a) That such exhibit is a true and correct copy of an original instrument signed by Randy M. Griffin and Tom Griffin.

"(b) That the signatures of Randy M. Griffin and Tom Griffin appear on the original instrument of which such exhibit is a copy.

"(c) That the signatures on such exhibit are true and correct copies of the signatures of Randy M. Griffin and Tom Griffin.

"(d) That Randy M. Griffin and Tom Griffin signed the original instrument of which such exhibit is a copy.

"(e) That the original of such instrument was signed by the individuals noted therein.

"(f) That the original of such instrument was signed by Randy M. Griffin and Tom Griffin in Denton County.

"2. That on the 9th day of June, 1975, in Denton County, Texas, Defendants Randy M. Griffin and Tom Griffin executed and delivered a promissory note made payable to Dorcell Young, promising to pay to the order of Dorcell Young at Denton, Texas $15,000.00 with interest thereon from June 9, 1975 and on all past due interest from its maturity at the rate of 9% per annum until paid, interest payable annually, and principal payable $5,000.00 due on June 9, 1976, and $10,000.00 due on June 9, 1977.

"3. That the Defendants Randy M. Griffin and Tom Griffin, nor either of them, have made no payment of either principal or interest on the above described note, either to Dorcell Young or to the Citizens National Bank in Waxahachie, Plaintiff herein."

Bank filed a motion for summary judgment which had an affidavit by the president of Bank attached which recited in part:

"On the 9th day of June, 1975, in the City of Denton, County of Denton, Texas, the Defendants Randy M. Griffin and Tom Griffin, for a valuable consideration, executed and delivered to Dorcell Young a promissory note promising to pay Dorcell Young, or order, at Denton, Texas, the sum of $15,000.00, in two (2) installments of $5,000.00 on June 9, 1976, and the balance of $10,000.00 on June 9, 1977, in each case with interest at nine (9%) percent per annum. On the 30th day of June, 1975, for value received, Dorcell Young endorsed and delivered said promissory note to Citizens National Bank in Waxahachie, which Bank is still the lawful owner and holder of said promissory note.

"Said note payment of $5,000.00 was not paid as provided, and after June 9, 1976, demand was made by the Citizens National Bank in Waxahachie on the said Randy M. Griffin and Tom Griffin for such payment, but to the date of this affidavit no payment of any kind has been received by the Citizens National Bank in Waxahachie from Randy M. Griffin or Tom Griffin, the makers thereof."

Griffins filed two affidavits in contravention of motion for summary judgment executed by each of them, both of which alleged as total grounds of contravention as follows:

"Prior to the 9th day of June, 1975, on which day this Defendant has admitted executing and delivering a Promissory

Note to Dorcell Young, and at the time of the endorsement and delivery by Dorcell Young of said Promissory Note to the Plaintiff, Citizens National Bank of Waxahachie, said Plaintiff had actual knowledge of this Defendant's defense to the underlying contractual obligation, by virtue of its President's knowledge of the transaction, and therefore takes such instrument subject to the defenses raised by this Defendant.

All of the facts set forth herein are within my personal knowledge, and such allegations are true and correct."

Trial court granted a summary judgment as prayed by Bank reciting as its basis therefor:

"[T]he Court having considered the Plaintiff's Motion, together with the pleadings, admissions and affidavits on file herein, as well as the argument of counsel, the Court finds that there is no genuine issue of any material fact, that the Claim of Plaintiff against Defendants is liquidated and founded upon an instrument in writing, and that Plaintiff is entitled to judgment as a matter of law."

Griffins' point of error no. 1 states that Bank failed to establish, as a matter of law, that it was currently the owner and holder of the subject note. Griffins say that Bank's failure to produce for the trial court the original, sworn, or certified copy of the note defeats its summary judgment motion and cites *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162 (Tex. 1963); *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970).

Chief Justice Greenhill, in *Perkins, supra*, laid down the rule, adopting the dissenting opinion in *Larue, supra*, requiring in summary judgment proceedings that the original note (or sworn or certified copy thereof) be attached, stating: "[T]he general denial of the defendant places the burden on the plaintiff to prove that he is the owner or holder of the note."

■ In this case, we hold that Bank discharged the burden in the sworn affidavit of its president (uncontroverted) declaring Bank to be the lawful owner and holder of the note on September 15, 1976. We overrule Griffins' point of error no. 1.

■ In point of error no. 2, Griffins urge that they raised lawful affirmative defenses which placed in issue Bank's status as a holder in due course, and no competent evidence of Bank's status as such was before the court. As pleader of the affirmative defense, the burden, even in a summary judgment proceeding, is upon the pleader. *P. T. Poultry Growers v. Darr Equipment Co.*, 537 S.W.2d 773 (Tex.Civ.App.—Tyler, 1976, no writ).

In this case, Griffins pleaded:

"[T]hat the note in question was given for the sole consideration of a bull 'proven to be a [sic] easy-calving bull, who consistently throws good calves with great performance that are highly accepted across the land.' Such a bull was not received by the Defendants.

"III

"Defendants would show that Plaintiff was aware of the misrepresentation made to Defendants prior to the sale and purchase of the above named bull and that Plaintiff was at all times material hereto aware of the failure of consideration in the giving and making of the note in question as part payment for a percentage ownership of said bull."

The two identical affidavits executed by each of the Griffins in contravention of Bank's motion for summary judgment each state in the only "contravening" paragraph:

"Prior to the 9th day of June, 1975, on which day this Defendant has admitted executing and delivering a Promissory Note to Dorcell Young, and at the time of the endorsement and delivery by Dorcell Young of said Promissory Note to the Plaintiff, Citizens National Bank of Waxahachie, said Plaintiff had actual knowledge of this Defendant's defense to the underlying contractual obligation, by virtue of its President's knowledge of the transaction, and therefore takes such instrument subject to the defenses raised by this Defendant."

**578**

This is all of summary judgment evidentiary offer of Griffins. We hold that these affidavits fall short of summary judgment proof as they do not reveal any facts on which the affirmative defense could be based. Pleadings alone although sworn, are not competent summary judgment proof. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). We overrule point of error no. 2.

Affirmed.