Catherine ANDEL et vir, Appellants,

v.

EASTMAN KODAK COMPANY, Appellee.

No. 14744.

Court of Civil Appeals of Texas.

Houston.

Feb. 24, 1966.

Ted Musick, Houston, for appellants.

Robert A. Hall, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellee.

BELL, Chief Justice.

Appellants, who are husband and wife, sued appellee on their own behalf and as next friends for their two minor children, to recover damages allegedly resulting to Mrs. Andel and the children when the automobile Mrs. Andel was driving was in collision on March 6, 1964 with an automobile driven by an agent of appellee. Suit was for an amount exclusively within the jurisdiction of the District Court. Appellee, in addition to its answer setting up a denial, contributory negligence and unavoidable accident, filed a counter-claim to recover damages to its automobile in the amount of $183.98. The basis of recovery on the counter-claim was negligence on the part of Mrs. Andel.

When the case was reached for trial, the appellants' motion for continuance was overruled and they were required to proceed to trial. Appellants thereupon took a nonsuit. They then filed a plea to the District Court's jurisdiction over the counter-claim, it being in an amount normally within the jurisdiction of the Justice Court. The plea was overruled and the trial was had to a jury on the counter-claim.

The jury found Mrs. Andel failed to yield the right-of-way; that she failed to keep a proper lookout; that she failed to make proper application of the brakes on her car, and that each act was a proximate cause of the collision. The jury also found the agent of appellee to have been guilty of certain specific acts of negligence which were each found to be a proximate cause of the collision. The court, therefore, rendered judgment that appellee take nothing on its counter-claim and assessed costs against appellee.

Appellee, in its brief, asks dismissal of the appeal on the ground that the judgment was entirely favorable to appellants and there is, therefore, nothing of which they can complain.

In the normal situation the rule asserted by appellee is correct. However, under the peculiar situation here involved we do not think it is applicable because there were fact findings by the jury convicting Mrs. Andel of negligence that if pled by appellee in a subsequent suit by appellant on her suit for damages growing out of the collision would be a bar to her recovery. Fireman's Fund Insurance Company v. Bybee, 322 S.W.2d 657 (Tex.Civ.App.), 160 Tex. 429, 331 S.W.2d 910. Here the record reflects appellants were claiming damages growing out of the same transaction and took a non-suit when their motion for continuance was overruled. However, the collision occurred March 6, 1964, so the

statute of limitations has not run and suit may be filed by appellants if they have not already filed it. Their brief states they have filed the suit and that appellee is pleading the judgment in this case as a bar because of the negligence found by the jury against Mrs. Andel. This statement is not denied by appellee. These facts, therefore, present a situation where the judgment appealed from contains fact findings that would, if allowed to stand, bar a recovery by appellants. We, therefore, overrule the motion to dismiss the appeal.

We think that in such an appeal appellants would have the right to assert any error that would have the effect of avoiding the findings of negligence against Mrs. Andel that were found to be a proximate cause of the collision.

 We are of the view that no point of error assigned by appellants attacks the findings of the jury against Mrs. Andel except the point of error that after appellants had taken a nonsuit, the court was without jurisdiction of the counter-claim. If the court had no jurisdiction, then any judgment rendered is void. While appellants assign the want of jurisdiction as a point of error, they then state they are not urging it.

Want of jurisdiction over the subject matter is fundamental and we feel called upon to determine the question.

 We conclude that the court did have jurisdiction of the counter-claim, which was a compulsory one. It seems to be held in Texas that where a court by the plaintiff's pleading obtains jurisdiction over the case, a defendant may assert against the plaintiff a counter-claim in an amount that is below the minimum jurisdiction of the court where the case is filed. McDonald, Texas Civil Practice, Sec. 7.51, pp. 708–710, and authorities cited in Notes 58 and 59; Garrett v. Robinson, 93 Tex. 406, 55 S.W. 564; Moritz v. Byerly, 185 S.W.2d 589 (Tex.Civ.App.), writ ref.; Watkins v. Cossaboom, 204 S.W.2d 56 (Tex.Civ.App.),

writ dism.; Smith v. Wilson, 18 Tex.Civ. App. 24, 44 S.W. 556, writ dism.; 21 C.J.S. Courts § 66b, p. 84.

Once the court has obtained jurisdiction over the controversy between the parties by the filing of a counter-claim, dismissal of plaintiff's case does not deprive the court of jurisdiction of the counter-claim. Bartholomew v. Shipe, 251 S.W. 1031 (Tex. Com.App.); Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Cammack v. Prather, 74 S.W. 354 (Tex.Civ.App.), no writ hist.

 We have read the entire statement of facts and are of the view that there was evidence of probative force to require the court to submit each issue it did. Neither negligence on the part of Mrs. Andel or appellee's agent, which was a proximate cause of the collision, was established as a matter of law.

Affirmed.