Affirmed and Memorandum Opinion filed September 28, 2004









Affirmed and Memorandum Opinion
filed September 28, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00833-CV

____________

 

THOMAS RETZLAFF, Appellant

 

V.

 

MACK P. DESHAY,
JR., TERRY R. FOSTER, MARY E. CARROLL, JOHN and/or JANE DOE, Appellees

 



 

On Appeal from the County
Court at Law No. 2 and Probate Court

Brazoria County, Texas

Trial Court Cause No. 28,404S-1

 



 

M E M O R A N D U M   O P I N I O N








Thomas Retzlaff, an inmate in the Ramsey
One unit of the Texas Department of Criminal Justice, sued Mack P. Deshay, Jr.,
the unit=s law library
supervisor, for conversion, breach of fiduciary duty, and civil rights violations.[1]  The trial court dismissed the conversion and
breach of fiduciary duty claims, and granted summary judgment for Deshay on the
civil rights violation claim.  In five
issues, appellant argues that (1) the trial court erred in dismissing his
conversion claim for lack of jurisdiction, (2) the trial court lacked
jurisdiction to dismiss his breach of fiduciary duty claim, (3) the trial court
erred in granting summary judgment for Deshay on his civil rights violation
claim, (4) the trial court abused its discretion in ordering the debiting of
his inmate trust account to pay court costs, and (5) the trial court abused its
discretion in denying his motion for a continuance.  We affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

Retzlaff=s claims against
Deshay are all based on a series of withdrawals made from his inmate trust
account between April, 1998 and August, 2001. 
During that time, approximately $730 was withdrawn to repay charges for
legal supplies.  Although Retzlaff
received the supplies, he argues that he was overcharged for them.  Retzlaff sued both Deshay and the Texas
Department of Criminal Justice (TDCJ) for conversion.  The trial court granted summary judgment for
the TDCJ and severed the claim against the TDCJ.[2]

Retzlaff continued with his conversion
claim against Deshay, and added claims for breach of fiduciary duty and civil
rights violations.  Retzlaff claimed that
the withdrawals were unlawful takings, and that destruction of his handwritten
supply requests violated his due process and equal protection rights.

Deshay moved to dismiss the conversion
claim, arguing that the true amount in controversy was not within the court=s
jurisdiction.  The court granted the
motion.  Deshay separately moved for
summary judgment on the breach of fiduciary duty claim and civil rights
violation claim.  The court granted the
motions, dismissing the claims with prejudice.

 

 

 








ANALYSIS

I.        Jurisdiction
over the Conversion Claim

In his second issue,[3]
Retzlaff contends the trial court erred in dismissing his conversion claim
against Deshay.  The claim was dismissed
based on deposition testimony by Retzlaff that indicated the amount in
controversy was below the trial court=s jurisdictional
limit.

A.      Suppression
of the Deposition

First, Retzlaff argues the trial court
abused its discretion by not holding a hearing on his motion to suppress his
deposition.  However, Retzlaff has not
cited any authority indicating the trial court is required to hold a hearing on
a motion to suppress a deposition.  See
Tex. R. Civ. P. 203.5 (lacking a
requirement that the court conduct a hearing on a motion to suppress).  Further, A[u]nless required
by the express language or the context of the particular rule, the term >hearing= does not
necessarily contemplate either a personal appearance before the court or an
oral presentation to the court.@  Martin v. Martin, Martin & Richards,
Inc., 989 S.W.2d 357, 359 (Tex. 1998). 
Thus, the trial court did not abuse its discretion in failing to hold a
hearing on Retzlaff=s motion to suppress the deposition.

Even if Retzlaff=s argument is
construed as a failure to rule on his motion to suppress the deposition, there
is no indication that he objected to the court=s refusal to rule
on the motion, as required by the Rules of Appellate Procedure.  See Tex.
R. App. P. 33.1(a)(2)(B).  The
trial court did not abuse its discretion by not holding a hearing on Retzlaff=s motion to
suppress his deposition.

B.      Amount
in Controversy








Next, Retzlaff argues that he claimed
sufficient damages to meet the trial court=s jurisdictional
limit.  As a statutory county court, the
court had jurisdiction over civil cases in which the matter in controversy
exceeds $500 and is less than $100,000.  See
Tex. Gov=t Code '' 25.0003(c)(1),
25.0222(a)(1).  Retzlaff claimed in his
petition that he suffered $730 in damages. 
However, Deshay presented deposition testimony by Retzlaff that
indicated the actual amount in controversy was Aabout half@ that amountCapproximately
$365.

AWhen a defendant
asserts that the amount in controversy is below the court=s jurisdictional
limit, the plaintiff=s pleadings are determinative unless the
defendant specifically alleges that the amount was pleaded merely as a sham for
the purpose of wrongfully obtaining jurisdiction, or the defendant can readily
establish that the amount in controversy is insufficient . . . .@[4]  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000) (internal footnote omitted).  As the Texas Supreme Court has explained, we
apply a standard that generally mirrors that of a summary judgment:

[I]f a plea to the jurisdiction
challenges the existence of jurisdictional facts, we consider relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issues
raised, as the trial court is required to do. . . .  If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea
to the jurisdiction, and the fact issue will be resolved by the fact
finder.  However, if the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, the trial court rules on the plea to the jurisdiction as a matter of
law.

Texas Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 227B28 (Tex.  2004). 
Because a plaintiff is not required to prove his damages in order to
support jurisdiction, the issue is not whether there is a fact question as to
the actual amount of his damages; the issue is whether there is a fact question
as to whether the actual amount of his damages is within the court=s jurisdictional
limit.  See id.








In his deposition testimony, Retzlaff
admitted that Aabout half@ of the damages he
claimed were actually deducted from his inmate trust fund in exchange for
indigent law supplies, and he alleged that he was charged twice as much as he
should have been.[5]  Although Retzlaff challenged the deposition
on procedural grounds, he produced no evidence contradicting his
testimony.  In fact, he admits in his
second amended petition that he received some indigent law supplies.[6]  Therefore, the trial court did not err in
determining there was no fact question as to whether Aabout half@ of the damages
were wrongly pleaded.

Retzlaff also did not dispute that
reducing his claimed damages by Aabout half@ would result in
an amount less than $500; he merely continued to assert that he pleaded the
entire $730 as damages.  Contrary to
appellant=s assertions, the trial court was not
required to accept his allegation of $730 in damages as true.  See Bland, 34 S.W.3d at
554.  Thus, the trial court did not err
in determining there was no fact question as to whether Retzlaff=s actual damages
were less than $500.

C.      Mental
Anguish Damages

Retzlaff alternatively argues that the
possibility of mental anguish damages would justify jurisdiction of the trial
court.  Retzlaff alleged in his petition
that Deshay acted with Aill will, spite, evil motive or a purpose
to injure [him],@ and that he suffered A[p]hysical pain
and mental anguish in the past and future.@








This court has held that Athe modern rule
provides for recovery of emotional distress damages in cases of intentional
torts@ and that Aintentional injury
to property will support a claim of mental anguish . . . .@  Seminole Pipeline Co. v. Broad Leaf
Partners, Inc., 979 S.W.2d 730, 756 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  However, our
holding does not stand for the proposition that a conversion claim will
necessarily support a claim for mental anguish.[7]  Mental anguish requires proof of a Ahigh degree of
mental pain and distress@ that is Amore than mere
worry, anxiety, vexation, embarrassment, or anger.@  Parkway Co. v. Woodruff, 901 S.W.2d
434, 444 (Tex. 1995); see also Durban v. Guajardo, 79 S.W.3d 198,
208 (Tex. App.CDallas 2002, no pet.).

Retzlaff=s petition
contains no allegations that would support a mental anguish recovery other that
his bare assertion that he suffered mental anguish.  He does not claim to have any sentimental attachment
to the allegedly converted property.  See
Seminole Pipeline, 979 S.W.2d at 755 (AMental anguish
stemming from the loss of property is, to some extent, contingent upon the
plaintiff=s sentimental attachment to the property.@).  Nor does he offer any other explanation as to
why the alleged conversion caused him a high degree or mental pain or
distress.  Thus, the trial court did not
err in determining that Retzlaff=s request for
mental anguish damages was not a basis for jurisdiction.

D.      The
Same Transaction as Other Claims

Retzlaff alternatively argues that the
trial court could have exercised jurisdiction over his conversion claim because
it arose from the same transaction as his Section 1983 claim and his claim for
injunctive relief.  Although Retzlaff
cites two cases for support, neither case supports Retzlaff=s contention that
the trial court was required to exercise jurisdiction over his conversion
claim.  See Andel v. Eastman
Kodak Co., 400 S.W.2d 584, 586 (Tex. Civ. App.CHouston 1966, no
writ); Texas City Tire Shop, Inc. v. Alexander, 333 S.W.2d 690, 693
(Tex. Civ. App.CHouston 1960, no writ).








In Texas City Tire Shop, Inc. v.
Alexander, the court noted that a plaintiff may join as many claims against
a defendant as he wishes, and the court will have jurisdiction over each claim
if in aggregate they are within the court=s
jurisdiction.  333 S.W.2d at 693.  Retzlaff argues that his conversion claim
should have been considered in conjunction with his Section 1983 claim and his
request for injunctive relief.  However,
the court properly dismissed the Section 1983 claim,[8]
and the claim for injunctive relief does not include a monetary amount.  Therefore, neither claim provides for
recovery of damages that could be aggregated with the conversion claim.

In Andel v. Eastman Kodak Co., the
court held that a court that has jurisdiction over a claim also has
jurisdiction over any counterclaim, even if the counterclaim is below the
minimum jurisdiction of the court.  400
S.W.2d at 586.  However, that holding has
been abrogated.  Under the current Rules
of Civil Procedure, Acounterclaims are judged on their own
merits and must independently comport with a court=s jurisdiction.@  Color Tile, Inc. v. Ramsey, 905 S.W.2d
620, 623 (Tex. App.CHouston [14th Dist.] 1995, no writ); see
also Tex. R. Civ. P. 97.  Retzlaff has therefore provided no support
that the trial court had ancillary or pendent jurisdiction over his conversion
claim.  See Tex. R. App. P. 38.1(h).

Because the trial court did not err in
determining that the amount in controversy for Retzlaff=s conversion claim
was below the court=s jurisdictional limit, and because
Retzlaff has provided no other basis for jurisdiction, we overrule his second
issue.

II.       Jurisdiction
over the Breach of Fiduciary Duty Claim

In his third issue, Retzlaff contends the
trial court lacked jurisdiction over his breach of fiduciary claim against
Deshay.  Initially, the trial court
determined Deshay did not owe Retzlaff a fiduciary duty and dismissed the claim
with prejudice.  The next day, Retzlaff
moved to dismiss the claim for lack of jurisdiction, arguing that the claim
concerned a trust and therefore only a district court had jurisdiction. 








Generally, only district courts have
jurisdiction over proceedings concerning trusts.  Tex.
Prop. Code ' 115.001(a).  The exception applies only to proceedings
also involving probate.  Tex. Prop. Code ' 115.001(d).  Because this proceeding does not involve
probate, the exception does not apply.[9]  Thus, if this was a proceeding concerning a
trust, the trial courtCa county courtCwould lack
jurisdiction.  However, we do not
consider this proceeding to be one concerning a trust.

The Texas Property Code provides that Aproceedings
concerning trusts@ include proceedings to:

(1)     construe a trust instrument;

(2)     determine the law applicable to a trust
instrument;

(3)     appoint or remove a trustee;

(4)     determine the powers, responsibilities,
duties, and liability of a trustee;

(5)     ascertain beneficiaries;

(6)     make determinations of fact affecting the
administration, distribution, or duration of a trust;

(7)     determine a question arising in the
administration or distribution of a trust;

(8)     relieve a trustee from any or all of the duties,
limitations, and restrictions otherwise existing under the terms of the trust
instrument or of this subtitle;

(9)     require an accounting by a trustee, review
trustee fees, and settle interim or final accounts;  and

(10)    surcharge
a trustee.








Tex. Prop. Code ' 115.001(a).  At least one court has stated that this list
is exclusive.  See Mobil Oil
Corp. v. Shores, 128 S.W.3d 718, 724 (Tex. App.CFort Worth 2004,
no pet.) (ATexas courts considering section
115.001(a) and its predecessor, Texas Trust Act article 7425b‑24(A), have
consistently held that those statutes provide the exclusive list of actions >concerning trusts= over which a
district court has jurisdiction.@).  This proceeding, an alleged breach of
fiduciary duty by a trustee, does not fall within this list.  See Tex.
Prop. Code ' 115.001(a).

Even if the list is not exclusive, we do
not consider this proceeding to concern a trust within the meaning of section
115.001.  Determining whether a trustee
misappropriated trust property does not involve questions regarding the
interpretation or operation of a trust. 
Simply because the misappropriated property came from a trust does not
transform a proceeding into one concerning a trust.  Cf. Mobil Oil, 128 S.W.3d at
725 (AThe mere fact that
a plaintiff happens to be a trustee, however, does not transform a case into
one >concerning trusts.=@).  Thus, the trial court had jurisdiction over
Retzlaff=s breach of
fiduciary duty claim.  We overrule
Retzlaff=s third issue.

III.      Section
1983 Civil Rights Violation Claim

In his fourth issue, Retzlaff contends the
trial court abused its discretion in granting Deshay summary judgment on his
Section 1983 civil rights violation claim. 
Additionally, Retzlaff contends that the trial court abused its
discretion in denying his motion to reset the hearing and in denying his
objections to the motion for summary judgment. 
We will address Retzlaff=s additional
contentions first.

A.      Notice
of the Hearing

Retzlaff argues that he was not provided
proper notice of the summary judgment hearing. 
Although Retzlaff acknowledges that he received twenty-one days= notice of the
hearing, he complains that the notice was not provided by Deshay himself.  However, a complaint of inadequate notice of
a summary judgment hearing requires a showing of harm.  See Martin at 359; Tivoli
Corp. v. Jewelers Mut. Ins. Co., 932 S.W.2d 704, 710 (Tex. App.CSan Antonio 1996,
writ denied).  Retzlaff has failed to
explain how he was harmed because the notice was provided by someone other than
Deshay.  The trial court did not abuse
its discretion in denying Retzlaff=s motion to reset
the hearing.








B.      Objections
to the Motion for Summary Judgment

Retzlaff also raised several objections to
the motion for summary judgment.  Only
one objection is necessary to our disposition of the appeal, so we decline to
address the others.  See Tex. R. App. P. 47.1.

In his third objection, Retzlaff objects
that Deshay failed to plead the affirmative defenses of qualified immunity and
failure to state a claim.  See Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991).  However, Deshay did plead that he was
entitled to Asovereign and other immunities.@  And, failure to state a claim is not an
affirmative defense.  See Tex. R. Civ. P. 94; Black=s Law Dictionary 430 (7th ed. 1999) (defining an Aaffirmative
defense@ as A[a] defendant=s assertion
raising new facts and arguments that, if true, will defeat the plaintiff=s . . . claim,
even if all allegations in the complaint are true@).  The trial court did not abuse its discretion
in overruling Retzlaff=s objection.

C.      Grounds
for Summary Judgment

Finally, Retzlaff argues that the trial
court abused its discretion in granting Deshay=s motion for
summary judgment.  Deshay moved for
summary judgment on three grounds: (1) that he is entitled to immunity under
the Eleventh Amendment for claims against him in his official capacity; (2)
that Retzlaff failed to state a claim regarding due access to the courts or due
process violations; and (3) that Deshay is entitled to qualified immunity.[10]  The trial court=s order did not
specify the grounds relied on.  When an
order granting summary judgment does not state the grounds on which it relied,
we will affirm the summary judgment if any of the grounds is meritorious.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000). 








The trial court stated during the hearing
that it was granting the motion on the third ground: AI do find that he=s entitled to
qualified immunity in his individual capacity because I find [Retzlaff] has
failed to get past the first threshold issue of whether or not there=s been a
constitutional violation under existing law.@  However, Awe cannot look to
the trial court=s oral comments to change the written
order.@  Richardson v. Johnson & Higgins of
Texas, Inc., 905 S.W.2d 9, 11 (Tex. App.CHouston [1st
Dist.] 1995, writ denied).  Therefore,
because Deshay=s second ground is determinative in this
case, we will address it here.[11]

D.      Constitutional
Claims

Retzlaff=s Section 1983
claim is based on allegations regarding (1) wrongful debiting of his inmate
trust account and (2) spoliation of evidence. 
In evaluating this claim, we must therefore determine whether either
allegation is a due access to the courts or a due process violation.  Neither rises to the level of a
constitutional violation.

1.       Wrongful
Debiting of the Inmate Trust Account

First, a prison official=s failure to
follow the prison=s own policies, procedures or regulations
does not constitute a violation of due process, if constitutional minima are
nevertheless met.  Myers v.
Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996);  Giovanni v. Lynn, 48 F.3d 908, 912
(5th Cir. 1995).  The illegal or improper
debiting of an inmate trust account does not violate an inmate=s constitutional
due process rights when the state provides an adequate postdeprivation
remedy.  See Myers, 97 F.3d
at 94; Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).  

Here, the state provides Retzlaff the
adequate tort remedy of conversion for any unauthorized property deprivation he
may have suffered.  See id.  Therefore, because the state provides the
adequate postdeprivation remedy of conversion, Retzlaff did not establish a
Section 1983 claim for wrongful debiting of his inmate trust account.








2.       Spoliation
of Evidence

Second, Retzlaff has failed to state a
constitutional violation for spoliation of evidence.  The due process rights of prisoners must be
analyzed under the more general right of access to the courts.  See Bounds v. Smith, 430 U.S.
817, 825 (1977). Such a right Ais founded on the
due process clause and assures that no person will be denied the opportunity to
present to the judiciary allegations concerning violations of fundamental
constitutional rights.@  Wolff
v. McDonnell, 418 U.S. 539, 579 (1974). 
However, the constitutional right of access to the courts is not the
right to proceed without discovery abuses. 
See Foster v. City of Lake Jackson, 28 F.3d 425, 430B31 (5th Cir.
1994).  Rather, due process is implicated
only Awhere the ability
to file suit was delayed or blocked altogether.@  Id. at 430.  

That is not the case here.  Retzlaff has generically alleged a violation
of the constitutional right of access to the courts; however, he has not
alleged that his ability to file suit was in any way delayed or blocked.  According to Retzlaff, Deshay destroyed Anearly all@ of his
handwritten indigent supply requests that might have been used as evidence to
prove his inmate trust fund account was wrongfully debited.  However, this did not delay nor prevent
Retzlaff from filing suit in state court. 
Therefore, Retzlaff did not establish a Section 1983 claim for
spoliation of evidence. 

Because neither Retzlaff=s wrongful
debiting or spoliation of evidence allegations rises to the level of a
constitutional violation, the trial court did not err in dismissing his Section
1983 claim.  We overrule Retzlaff=s fourth issue.

IV.      Court
Fees








In his fifth issue, Retzlaff contends the
trial court abused its discretion by ordering his inmate trust fund account
debited pursuant to Chapter 14 of the Civil Practices and Remedies Code, which
provides that A[a] court may order an inmate who has
filed a claim to pay court fees, court costs, and other costs . . . .@  Tex.
Civ. Prac. & Rem. Code ' 14.006(a).  Chapter 14 Aapplies only to a
suit brought by an inmate in a district, county, justice of the peace, or small
claims court in which an affidavit or unsworn declaration of inability to pay
costs is filed by the inmate.@  Tex.
Civ. Prac. & Rem. Code ' 14.002(a).  Retzlaff filed an affidavit of inability to
pay costs, and therefore appears to be subject to Chapter 14.

Retzlaff argues that he should not be
subject to Chapter 14 because he fully prepaid the filing costs of the lawsuit
before filing his affidavit of inability to pay costs.  However, the section on which Retzlaff reliesCsection 14.002Ccontains no
limitation based on when the affidavit of inability to pay costs was
filed.  See id.  Retzlaff has not cited any case in which
Chapter 14 was held to be inapplicable because of when the affidavit of
inability to pay costs was filed.  Nor do
we feel that the intent of the legislature in drafting the chapter would be
furthered by allowing it to be so easily circumvented.  See Hickson v. Moya, 926 S.W.2d
397, 399 (Tex. App.CWaco 1996, no writ) (AWe believe that
Chapter Fourteen was designed to control the flood of frivolous lawsuits being
filed in the courts of this State by prison inmates, consuming valuable
judicial resources with little offsetting benefit.@).  Therefore, we hold that the determinative fact
is that an affidavit of inability to pay costs was filedCnot when
the affidavit was filed.  We overrule
Retzlaff=s fifth issue.

V.      Motion
for Continuance

In his sixth issue, Retzlaff contends the
trial court abused its discretion by denying his motion for continuance, which
was filed on the day of trial.  In an
attached affidavit Retzlaff stated that he was denied access to the prison law
library on the day before trial, even though he had a permission slip
supposedly granting him access.  Retzlaff
stated that because he was denied access to the library, he was unable to
properly prepare for court.

The decision to grant or deny a motion for
continuance is within the trial court=s discretion.  In re E.L.T., 93 S.W.3d 372, 374 (Tex.
App.CHouston [14th
Dist.] 2002, no pet.).  We will reverse
the trial court=s decision only upon showing of a clear
abuse of discretion.  Id.  A trial court abuses its discretion only when
it acts Awithout reference
to any guiding rules and principles.@  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985).








Based on the record, the trial court did
not abuse its discretion in denying Retzlaff=s motion for
continuance.  Retzlaff was notified of
the trial date more than four months earlier. 
Retzlaff argued that he had Aseveral last
minute things to research,@ but never
clarified what those things were. 
Retzlaff stated that he scheduled the day before trial for legal
research, but did not argue that he was surprised or otherwise explain why he
chose to wait until the day before trial to perform research.  We do not condone a plaintiff=s decision to wait
until the day before trial to perform research on his case.  See State v. Wood Oil Distrib.,
Inc., 751 S.W.2d 863, 865 (Tex. 1988) (stating that it would be Amanifestly
improper@ to grant a party=s motion for
continuance based on Aa predicament of its own making@).  The trial court did not abuse its discretion
in determining that there was not sufficient cause for a continuance.  See Cronen v. Nix, 611 S.W.2d
651, 653 (Tex. Civ. App.CHouston [1st Dist.] 1980, writ ref=d n.r.e.) (ADenial of a motion
for continuance based on lack of time to prepare for trial is not an abuse of
discretion.@) 
We overrule Retzlaff=s sixth issue.

We affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 28, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.











[1]  Retzlaff also
sued various other parties in the same proceeding, but they are not a part of
this appeal. 





[2]  Our sister
court upheld the summary judgment for the TDCJ in Retzlaff v. Texas Dep=t. of Criminal Justice, 135 S.W.3d 731 (Tex. App.CHouston [1st Dist.] 
2003, no pet. ).





[3]  Retzlaff
struck his first and seventh issues from his brief in order to comply with the
page limit requirement.  See Tex. R. App. P. 38.4.  We will refer to Retzlaff=s issues as he refers to them in his brief.





[4]  Retzlaff
relies on Delk v. City of Dallas for the proposition that Deshay was
required to prove that Retzlaff=s damages were Afraudulently
made for the purpose of conferring jurisdiction.@  560 S.W.2d 519, 520 (Tex. Civ. App.CTexarkana 1977, no writ).  Under Bland, however, Deshay can also
meet his burden if he can Areadily establish that the amount in controversy is
insufficient.@  34 S.W.3d at
554.





[5]  The deposition
testimony was as follows:

Q:         Well, then, let me ask
you something: Of this $700 that you're disputing, how much of it do you admit
to using?

A:         I would think about
half.

Q:         Okay.  And again, that=s just
based on your assumption that for two months that you paid attention, you were
charged twice as much as you should have been; and so, now you=re going to assume that from the time going all the
way back to 1998 you were consistently charged twice of what you should have
been charged?

A:         Well,
I think if somebody=s going to do me wrong once or twice, they might have
done me wrong the whole time.     





[6]  Retzlaff
states in his second amended petition: AWhile
plaintiff does not dispute that he did, in fact, receive some indigent
law library supplies from time to time, he does dispute the fact that he
requested and received apx. $730.00 worth of indigent supplies.@





[7]  In fact, as
the Austin Court of Appeals has recently noted, ATexas
courts have refused to award mental anguish damages for conversion.@  Petco
Animal Supplies, Inc. v. Schuster, No. 03‑03‑00354‑CV,
2004 WL 903930, at *10 n.9 (Tex. App.CAustin,
Apr. 29, 2004, no pet.).





[8]  We discuss the
dismissal of the Section 1983 claim in Section III, infra.





[9]  Because the
cases cited by Retzlaff do involve probate, they are inapposite.  See In re Stark, 126 S.W.3d 635 (Tex.
App.CBeaumont 2004, no pet.); Green v. Watson, 860
S.W.2d 238 (Tex. App.CAustin 1993, no writ).





[10]  Retzlaff
conceded that the first ground was correct, and that Deshay could not be sued
under Section 1983 in his official capacity. 
Thus, the question before the court was whether either the second or
third ground would prevent suit against Deshay in his personal capacity.





[11]  Additionally,
an inquiry as to whether a plaintiff stated a constitutional claim is a
necessary element of determining whether qualified immunity exists.  See Saucier v. Katz, 533 U.S.
194, 201 (2001) (AA court required to rule upon the qualified immunity
issue must consider, then, this threshold question: Taken in the light most
favorable to the party asserting the injury, do the facts alleged show the
officer=s conduct violated a constitutional right?  This must be the initial inquiry.@).  Thus, a
determination of Deshay=s second ground would be necessary in order to resolve
his third ground in any event.